# Forrest *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Death—Substitution of administratrix as plaintiff —Abatement—Laches—Waiver—Presumption—Trial eight years after issue—Act of April 15, 1851, P. L. 669, Sec. 18—Construction —Practice, C. P.—Trial—Evidence.*

1. Where an action is brought for personal injuries and before the trial of the case the plaintiff dies, his administratrix may be substituted as plaintiff and such substitution may take place more than one year after the death of the decedent. Section 18 of the Act of April 15, 1851, P. L. 669, authorizing the substitution does not fix the time in which substitution shall be made and the court cannot invade the province of the legislature and fix a time by construction.

2. The usual and proper practice, where unreasonable delay in prosecution or laches is urged as the ground for abatement of a suit, is a motion or rule taken by defendant and not objection to testimony on the trial of the cause. The defendant can and may waive the default or laches and go to trial on the merits and where he takes no steps to abate the action until the plaintiff has incurred the expense of the preparation for the trial, he cannot at the trial defeat the plaintiff's right to recover by objection to evidence of her authority to bring suit.

3. In an action to recover damages for personal injuries, it appeared that plaintiff brought suit on March 26, 1907, for injuries sustained in July, 1906; that the statement was filed and a rule to plead was issued on June 3, 1907, that defendant pleaded "not guilty" on June 17, 1907; that plaintiff died on November 2, 1907, and that his death was suggested in 1915, and on June 5, 1916, his death was again suggested of record and his administratrix was substituted as plaintiff; that at the trial of the case, defendant objected to the admission in evidence of the letters of administration on the theory that the plaintiff's right to be substituted was barred because not asserted within one year after the decedent's death. *Held,* the letters were properly admitted in evidence.

*Negligence—Street railways—Passenger boarding car—Premature starting — Death — Conflicting evidence — Case for jury — Charge—Reference to statement of claim not offered in evidence— Erroneous instructions—New trial.*

4. In an action against a street railway company to recover for

personal injuries sustained by plaintiff's decedent while attempting to board one of defendant's cars, the case is for the jury where the testimony of the only two eyewitnesses to the occurrence was in direct conflict as to whether the car was in motion or still at the time of the accident, and plaintiff's witness was contradicted by signed statements made by deceased and his witness that the car was in motion.

5. Where defendant introduced a written statement by deceased under oath to the effect that the car was in motion when he attempted to board it, the trial judge erred in charging that the plaintiff "did ten months and thirteen days afterwards swear to another paper which he signed by making his mark, that paper being the statement of claim in this case, in which he swore that the car was standing still," where the statement of claim had not been offered in evidence, and where the plaintiff had not referred thereto as evidence contradicting the signed admission of the deceased.

6. Where there was no evidence that the affidavit and signature of the deceased to the paper offered by the defendant were procured by fraud, coercion or undue influence, the court committed reversible error in refusing to so charge on request of the defendant.

Argued Jan. 11, 1918. Appeal, No. 193, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1907, No. 1928, on verdict for plaintiff, in case of Indiana Forrest, Administratrix of the Estate of John R. Forrest, deceased, v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,000 and judgment thereon. Defendant appealed.

Errors assigned were answers to points and instructions to the jury.

Charles H. Edmunds, for appellant.—The suit having been brought by John R. Forrest in his lifetime, the right of action survived to his personal representative immedi-

ately upon his decease; and as she was not substituted as plaintiff of record for more than eight years after his death, the Act of April 26, 1855, P. L. 309, requiring that actions for death shall be brought within one year after death and not thereafter was a bar to recovery: Fink v. Garman, 40 Pa. 95; Waring Bros. & Co. v. Penna. R. R. Co., 176 Pa. 172; Ward, Hough & Bailey v. Patterson, 46 Pa. 372.

The trial judge erred in permitting the jury to consider the fact that the statement of claim signed by the deceased and the statement signed by the deceased were contradictory, where the statement of claim had not been offered in evidence: Saunders v. P. R. T. Co., 240 Pa. 66; Jacoby v. N. B. & Mercantile Insurance Co. of London & Edinburgh, 10 Pa. Superior Ct. 366; Burkholder v. Plank, 69 Pa. 225; Dialesantro v. Philadelphia Co., 47 Pa. Superior Ct. 339.

*John Martin Doyle,* with him *Eugene Raymond,* for appellee: The suit did not abate for want of due prosecution.

Reference by the trial judge to the plaintiff's statement of claim was not error.

OPINION BY MR. JUSTICE MESTREZAT, June 3, 1918:

This is an action of trespass, brought March 26, 1907, by John R. Forrest to recover damages for injuries which he sustained by reason of the alleged negligence of the defendant company in July, 1906. The statement was filed, a rule to plead was granted June 3, 1907, and on June 17th the defendant pleaded "not guilty." The plaintiff died November 2, 1907, and in October, 1915, his death was suggested, and June 5, 1916, his death was again suggested of record and Indiana Forrest, his administratrix, was substituted as plaintiff. In the statement the plaintiff averred that the defendant's car had stopped to receive passengers, and, when he was attempting to board it, it prematurely started, throwing him to the ground

and causing him severe injuries.  The defendant denied that the car stopped and claims that it was in motion when plaintiff attempted to board it.  This was the issue of fact between the parties.  The trial resulted in a verdict for the plaintiff.  Judgment having been entered on the verdict, the defendant has appealed.

The substituted plaintiff offered in evidence at the trial the letters of administration granted her, which offer was objected to by the defendant on the ground that it was too late to maintain the action, in other words, that the suit was abated by delay in its prosecution.  The objection was overruled and the evidence admitted.  Defendant contends that as an action for death must be brought within one year after the death and an action for personal injuries within two years, under the statutes, the right to substitute the personal representative and prosecute the action should be limited to one year after the death of the injured party.  The conclusive reply to this argument is that no act of assembly by direct provision or even by inference requires the substitution of the personal representative to be made within one year succeeding the injured person's death.  It is a matter solely within the discretion of the legislature, and hence the courts cannot establish such limitation by construction of the statutes dealing with the subject.  Section 18 of the Act of April 15, 1851, P. L. 674, authorizing the substitution, simply provides that no such action "shall abate by reason of the death of the plaintiff, but the personal representatives of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction."  It will be observed that no time within which the substitution shall be made is fixed by the statute, and it is clear that we cannot and should not, as claimed by the appellant, invade the exclusive province of the legislature and do so by construction.

We do not regard the present case as ruled in appellant's favor by Waring Bros. & Co. v. Pennsylvania Railroad Company, 176 Pa. 172.  There, the summons was

issued in 1879, and no further steps were taken in the prosecution of the case until 1894 when plaintiffs filed a statement and affidavit of claim which showed that the cause of action had originated in November, 1873, about twenty-one years prior to filing the statement. The court made absolute the defendant's rule to strike off the statement and affidavit and entered judgment of non pros. because of the laches of the plaintiffs in proceeding with the cause. We sustained this action of the Common Pleas, holding "the judgment was within the power and discretion of the court below and it will not be reviewed." The ground of this decision is stated in the concluding part of the opinion of GREEN, J., as follows (p. 180): "We decide this case upon the undoubted power of the court below to make the rule of practice relating to this subject, and upon the necessarily implied power to grant the same relief upon motion and hearing, which the defendant could have had by the mere act of its counsel in directing the prothonotary to enter a non pros. at any time after three months; and also upon the further consideration that in any event, and in the best aspect of the case for the plaintiffs, the matter was within the discretion of the learned court below, and in the exercise of that discretion the decision was against the plaintiffs."

In the subsequent case of Hillside Coal & Iron Co. v. Heermans et al., 191 Pa. 116, this court sustained the court below in refusing to grant a judgment of non pros. on the ground of laches in prosecuting the action which was brought in 1881 and the motion for the judgment was made in 1898 by defendant who had held by adverse possession since 1872. In explaining and distinguishing the Waring case GREEN, J., who wrote the opinions in both cases, said, inter alia, in the later case (p. 118): "That action however was a personal action......It was also the fact that after the issue and service of the writ of summons no further step had been taken until nearly fifteen years later when for the first time the

plaintiff filed a statement and affidavit of claim. So that, in point of fact, while the summons was issued in November, 1879, no statement of the plaintiff's claim and no narr was filed until October, 1894. There was nothing on the record during all that time which informed the defendant as to what was the cause of action. When the statement was filed it appeared that the cause of action arose in 1873, which was nearly twenty-one years before the statement was filed. In these circumstances and for the reasons appearing in the opinion we sustained the nonsuit granted by the court below. In the present case none of these features is found except the period of delay......Defendants were immediately apprised by the writ of summons, which was served upon them, as to the exact character of the demand made upon them......The granting of a nonsuit for such a cause as this is a matter within the discretion of the court to which the application is made. We attached importance to that feature in the Waring case, supra, and think we should do so here. There was certainly no abuse of discretion in refusing the nonsuit in this case, on the contrary, we think the discretion of the court was wisely exercised in the rejection of the application."

Most of the features of the Heermans case distinguishing it from the Waring case are to be found in the present case. Here, Forrest was injured in July, 1906, the action was brought in March, 1907, the statement of claim was filed June 3d, and a plea was entered June 17, 1907. It is true that the plaintiff's death was not suggested until about eight and a half years after the suit was brought, but during all that time the defendant was fully apprised, by the record, of the cause of action, and could prepare to meet it. Either party could have listed the cause for trial. In the Waring case the statement was not filed until fifteen years after the summons was issued, and it was nearly twenty-one years after the cause of action originated until it appeared on the record, and in the meantime, so far as the record disclosed,

the defendant was ignorant of the cause of action and
hence could not prepare his defense.   The usual and
proper practice, as appears by the reported cases on the
subject, where unreasonable. delay or laches is urged as
the ground for abatement of the suit, is a motion or rule
taken by defendant. and not objection to testimony on
the trial of the cause.   The defendant can and may waive
the default or laches in the prosecution of the action and
go to trial on the merits, and it is not too much to assume
that he does so where he takes no steps to abate the ac-
tion until the plaintiff has incurred the expense of the
preparation of the trial and the cause is before the court
and jury for hearing and determination.   Promptness by
both parties in asserting their legal rights is expected and
should be required.   If at any time the defendant com-
pany in the present case thought the action had been
abandoned, it should have pursued the established prac-
tice and moved the court or taken a rule to abate it, and
not sought to accomplish that result by waiting until
the case was listed for trial and was being heard by the
court on its merits.

We think there is a clear and controlling distinction
between the facts of the Waring case and the case at bar,
and we think the court did not commit error in admit-
ting in evidence the letters of administration granted the
substituted plaintiff, and declining to hold that the
action was abated by undue delay in its prosecution.

It is contended by appellant that, if the question con-
sidered above is ruled in favor of the appellee, the case
should be reversed with a venire for errors committed by
the court on the trial of the cause.   We agree with the
appellant that the case was for the jury.   There was but
a single witness produced on either side who saw the ac-
cident.   The plaintiff's witness testified that the car was
at rest when the deceased attempted to enter it, and the
witness for the defendant testified that it was in motion.
In further contradiction of the plaintiff's witness the
defendant introduced statements made by the deceased

and his witness that the car did not stop but was in motion at the time the deceased attempted to board it. The credibility of the witnesses was clearly for the jury, and the court was required to submit it.

We think the learned judge below erred in that part of his charge wherein, referring to the statement of Forrest, he said that "he [Forrest] did, ten months and thirteen days afterward, swear to another paper, which he signed by making his mark, that paper being the statement of claim in this case in which he swore that the car was standing still." This, as is apparent, was most prejudicial to the defendant, and was directing the attention of the jury to evidence that had not been offered and was not before them; and, so far as the record discloses, the plaintiff had not adverted to the affidavit as evidence contradicting the statement of the deceased and in support of her claim. Whether the statement of claim would have been competent if offered for the purpose of contradicting the statement of the deceased is not before us and need not be decided.

The appellee has not pointed out and, so far as we can ascertain from the record, there is no evidence that the affidavit and signature of the deceased to the statement were procured by fraud, coercion, or undue influence, and hence the eighth assignment of error must be sustained. Without referring to the several assignments, we have considered the controlling questions in the case, and, for the reasons stated, the judgment is reversed with a venire facias de novo.