ing motor vehicles or having the same operated within this state, "shall, by such acceptance, and by the operation of such motor vehicle within the Commonwealth of Pennsylvania, make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." This language clearly provides for the creation of an agency, and it is not different from an agency created by power of attorney or any other method whereby one becomes the agent with authority to act for another, and such an agency, unless coupled with an interest, ceases and ends with the death of the principal.

We are unable to conceive that it would be urged that a service could be made upon the executor or administrator of a decedent under the provisions of the Act of July 9, 1901, P. L. 614, by any of the methods therein provided for service upon one who is in fact made by the act an agent for the party, who, in his lifetime, was liable to suit.

After a careful consideration of the matter, we are of the opinion that the Act of 1929, now under consideration, is one creating an agency, and that agency must necessarily cease upon the death of the principal. Therefore, the service undertaken in this case is without authority of law and must be set aside and stricken off.

### Decree

And now, February 23, 1931, after due consideration, the statutory demurrer filed on the part of the defendant attacking the service of the writ of summons is sustained and the service is set aside and stricken off.

From Henry W. Storey, Jr., Johnstown, Pa.

## Appeal from Settlement of Washington Borough Auditors

*R. L. Boyd*, for appellant; *Meyer Goldfarb*, for appellee.

HUGHES, J., February 16, 1931.—On September 8, 1930, this court adjudged the appellant guilty of laches in the prosecution of his action against the Borough of Washington, now City of Washington, and made absolute the rule issued by the City of Washington on J. Ernest Boyd, ancillary administrator of the estate of J. V. Boyd, deceased, to dismiss the appeal and enter

judgment of non pros. in favor of the City of Washington and against the appellant. On September 29, 1930, the appellant petitioned for and was granted a reargument of his case on the ground that this case is governed by the Act of March 21, 1806, 4 Sm. Laws 326, section 13, which provides that "In all cases where a remedy is provided or duly enjoined, or anything directed to be done by any act or acts of Assembly of this Commonwealth, the direction of said act shall be strictly pursued, and no penalty shall be inflicted or any thing done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect;" and The Fiduciaries Act of June 7, 1917, P. L. 447, section 35, sub-section (k), providing: "In any suit now pending or hereafter to be brought in any court of this State, if the plaintiff be dead, or shall die during the pendency thereof, and no letters testamentary or of administration have been or shall be taken out in this State within one year after the suggestion of the death of such plaintiff upon the record, it shall not be the duty of the defendant to raise an administrator for the purpose of prosecuting same; but the court in which suit is or shall be pending may, after due service upon the executors named in the will . . . if known to defendant, or upon the next of kin of the decedent entitled to administration, of a rule to show cause, enter an order that said suit shall abate, unless before the return day of such rule letters testamentary or of administration shall be duly issued."

We are satisfied these acts do not concern the matter now before us. The purpose of the particular section of the Act of 1917, above referred to, is to provide a procedure whereby the defendant can compel the next of kin of a plaintiff to take out letters testamentary or of administration in order to substitute the personal representative for the deceased plaintiff, and to provide a penalty for failure so to do, after a rule has been issued, of the abatement of the suit. It is not intended to cover a situation where laches for failure to prosecute is the question involved, this being a substantive matter of defense and not procedural.

The case of Forrest v. Philadelphia Rapid Transit Co., 261 Pa. 383, relied on to support the contention of the appellant, is not in point. There the defendant had pleaded to the action and raised its objection of laches, during the trial of the case, to evidence which the plaintiff sought to introduce. The court there held the defendant had waived the laches by going to trial on the merits of the case, and the court said: "The usual and proper practice, as appears by the reported cases on the subject, where unreasonable delay or laches is urged as the ground for abatement of the suit, is a motion or rule taken by defendant and not objection to testimony on the trial of the cause. The defendant can and may waive the default or laches in the prosecution of the action and go to trial on the merits, and it is not too much to assume that he does so where he takes no steps to abate the action until the plaintiff has incurred the expense of the preparation of the trial and the cause is before the court and jury for hearing and determination. Promptness by both parties in asserting their legal rights is expected and should be required. If at any time the defendant company in the present case thought the action had been abandoned, it should have pursued the established practice and moved the court or taken a rule to abate it, and not sought to accomplish that result by waiting until the case was listed for trial and was being heard by the court on its merits."

In the case at bar all the appellant had ever done was to file his appeal to bring the matter within the jurisdiction of the court, and then waited nearly twenty years before the issuance of a rule to show cause why an issue should

not be framed. In the interim the Borough of Washington had changed its form of government to that of a third class city and J. V. Boyd, the appellant, had died. Both parties to the original action are gone and their representatives are acting in their stead. Should the heirs of a decedent be given superior rights to those the deceased would have had? This is exactly the result if they could do as the appellant's counsel contends—sit by for nearly seventeen years before raising administration on the decedent's estate, and when they finally did do so, not be guilty of laches because they had complied with the procedure act in the matter of the period allowed for raising an administration.

Laches does not depend on the statute of limitations, but on whether due diligence has been shown, and, if not, whether the delay has been prejudicial to the adverse party: Potter Title and Trust Co. v. Frank et al., 298 Pa. 137, 141; McGrann v. Allen et al., 291 Pa. 574.

As a matter of common fairness, he who brings another into court should prosecute the claim against him with reasonable diligence, and one who sues in a representative capacity no less so than an individual. There is no greater reflection upon the administration of justice than the permission of endless litigation: Potter Title and Trust Co. v. Frank et al., supra.

The rule is particularly applicable where the difficulty of doing entire justice arises through the death of the principal participants in the transaction complained of, or of the witness or witnesses, or by reason of the original transaction having become so obscure by time as to render the ascertainment of exact facts impossible: McGrann v. Allen et al., supra; Hammond v. Hopkins, 143 U. S. 224.

The delay of the appellant in this case is clearly such laches as would entitle the defendant to a judgment of non pros.

And now, February 16, 1931, after reargument, the rule issued by the City of Washington on J. Ernest Boyd, ancillary administrator of the estate of J. V. Boyd, deceased, to dismiss the appeal and enter judgment of non pros. in favor of the City of Washington and against the appellant, is made absolute and the appellant is directed to pay the costs.

From Harry D. Hamilton, Washington, Pa.