## Yetman v. City of Philadelphia

*S. Feldman*, Assistant City Solicitor, and *Frank F. Truscott*, City Solicitor, for petitioner.

*J. J. O'Brien* and *R. B. Umsted*, contra.

ALESSANDRONI, J., April 12, 1946.—On December 21, 1933, an action in assumpsit was begun against the City of Philadelphia to recover the sum of $37,-

599.91 alleged to be due for extra work and material furnished under a contract dated July 28, 1931, which provided for the construction of a concrete sewer. About a year later, plaintiffs filed their statement of claim, and after the expiration of three years from the latter date, trial of the case began before a judge and jury. At the close of plaintiffs' case, a juror was withdrawn at the suggestion of plaintiffs and a stipulation was entered between counsel to the effect that the case would be resubmitted to the trial judge sitting without a jury after plaintiffs had amended their statement of claim.

No action was taken until November 20, 1945, approximately eight years later, when defendant filed a petition for a rule to show cause why judgment of non pros should not be entered. Approximately three months thereafter plaintiffs filed their answer to this petition.

In lieu of depositions, counsel for the respective parties entered into a stipulation wherein it is stated that the City of Philadelphia, defendant, has been prejudiced by the delay in bringing this matter to a final trial by reason of the fact that it has been deprived of the benefit of two material witnesses. During the period from 1931 to 1938, John H. Neeson was chief engineer and surveyor of the bureau of engineering surveys and zoning, and in the course of the performance of his duties, he assisted in the preliminary preparation of specifications and subsequently in the preparation of the contract upon which this litigation arises. Mr. Neeson died on September 1, 1945. During the same period of time John E. Allen was the principal assistant engineer, and likewise was engaged actively in the preparation of the specifications and the contract involved. Both men were familiar with the terms and provisions of the contract and with the manner in which the plaintiffs performed the work. Recently Mr. Allen has suffered a serious illness which, for practical

purposes, has deprived him of his power of articulation.

The City of Philadelphia contends that it has been prejudiced seriously by the lapse of eight years subsequent to the abortive trial on January 3, 1938. Plaintiffs in no way have overcome the contention of the City that the loss of its two witnesses is materially harmful. We cannot agree that the failure of defendant to expedite this litigation excuses plaintiffs. It was plaintiffs' duty to take the next step, namely, to file an amended statement of claim, and in general it is always incumbent upon plaintiff to take all steps which are necessary for the disposition of its claim: Waring Bros. & Co. v. Pa. R. R. Co., 176 Pa. 172.

The determination of the question now presented is addressed to our discretion: Forrest v. P. R. T., 261 Pa. 383. As a general rule, where plaintiff permits the pending suit to remain without action on his part for over six years, it may be treated as abandoned: Potter Title & Trust Co. v. Frank, 298 Pa. 137. Analogy is furnished by the statute of limitations for the commencement of an action: Prettyman v. Irwin, 273 Pa. 522. In such event it is the burden of plaintiffs to produce evidence of a compelling reason why a judgment of non pros should not be entered. Plaintiffs have offered no explanation at all for the delay.

Claims must be prosecuted with reasonable diligence, for it is the policy of the law to expedite litigation and not to encourage long delays. Where one has a right which he wishes to enforce he should do so promptly: Ulakovic v. Metropolitan Life Ins. Co., 339 Pa. 571.

For the foregoing reasons, therefore, the rule must be made absolute and the judgment of non pros entered.

### Order

And now, to wit, April 12, 1946, the rule is made absolute and it is directed that the judgment of non pros in favor of defendant be entered.