## Spiegel v. Walter T. Bradley Co., Inc., et al.

*W. B. Gibbons*, for plaintiff.

*H. S. Baile*, for defendants.

LEVINTHAL, J., January 30, 1947.—This is a petition by defendant corporation for a judgment of non pros, based on the alleged failure of plaintiff to prosecute his action with reasonable diligence.

The case is one where plaintiff seeks to recover damages resulting from an automobile accident which occurred in January 1938. The writ was issued three days before the statute of limitations expired, and the statement of claim was filed about one month thereafter. Plaintiff never ordered the case upon the trial list. Defendant ordered the case on the list on two occasions: once in September 1942, when for some undisclosed reason it was not tried, and again at the end of 1946. Defendant alleges that its purpose in placing

the case on the current trial list was "to take a nonsuit to clear up an old case as and if plaintiff did not appear for trial". Plaintiff with his witnesses did appear for trial at the time the case was listed, whereupon defendant corporation filed its petition for a rule to show cause why judgment of non pros should not be entered.

As was said by Chief Justice Maxey, when sitting as a judge of the court of common pleas, in the case of Eilenberger v. D. L. & W. R. R. Co., 6 D. & C. 170 (1925) :

"It has always been the policy of the law to expedite litigation and not to encourage long delays. . . . If any person has a right which he wishes enforced, he should enforce it promptly. The person against whom the right is to be enforced might be greatly prejudiced by plaintiff's delay. Witnesses disappear or remove to distant parts and the entire aspect of the parties on both sides may change with the lapse of time. . . . It is reasonable to expect that the person who brings the action will expedite the action to a trial."

This language was approved by the Supreme Court in the case of Hruska et al. v. Gibson, 316 Pa. 518 (1934) in which a non pros was entered where more than nine years had elapsed since the beginning of the action.

There is, of course, no definite rule as to just what length of time must elapse before a plaintiff who takes no steps to bring his suit to trial should be barred from proceeding with his action. Each case must be considered in the light of its particular facts.

In the present instance, a judgment of non pros would have been proper, in our opinion, if defendant corporation had not itself recently ordered the case on the trial list. It is clear that plaintiff has not prosecuted his action with reasonable diligence, and no satisfactory explanation for his laches has been set forth in his answer to the petition.

We are, however, discharging defendant corporation's rule because its action in ordering the case on the trial list constituted a waiver of plaintiff's laches. Such conduct indicated a willingness on defendant's part to try the case on the merits, notwithstanding plaintiff's lack of diligence. As was said in the case of Pennsylvania Railroad Company v. Pittsburgh, 335 Pa. 449 (1939):

"The right to a non pros. may be waived if there is conduct indicating a willingness on defendant's part to try the case on the merits notwithstanding the delay."

Defendant cannot successfully maintain that it placed the case on the *trial* list, but had no intention to *try* the case. Cases should be listed for trial, and not for nonsuit. As was said in Forrest v. Philadelphia Rapid Transit Company, 261 Pa. 383 (1918):

"If at any time the defendant company in the present case thought the action had been abandoned, it should have pursued the established practice and moved the court or taken a rule to abate it, and not sought to accomplish that result by waiting until the case was listed for trial. . . ."

It is argued that defendant corporation did not intentionally relinquish its right to a non pros since its purpose was to achieve an equivalent objective by means of a nonsuit. As there was no intentional abandonment of its right to complain of plaintiff's laches, it is contended that defendant cannot properly be deemed to have waived its right to ask for a non pros. It has, however, been frequently held that conduct, reasonably relied upon and which warrants the belief that there has been an intentional relinquishment of a known right, does in law constitute a waiver. Plaintiff in this case was reasonably induced by defendant's conduct to prepare for trial and should not thereafter be barred from presenting his evidence.

Where a defendant, anticipating that plaintiff will fail to appear for trial, orders an old case on the list in the hope that a nonsuit may be entered, plaintiff should not be denied his right to proceed to trial, if he desires to do so, merely because defendant has miscalculated plaintiff's intentions.

Rule discharged.