## Grasso v. City of Philadelphia et al.

*Marshall H. Morgan,* for plaintiff.

*Abraham L. Freedman,* city solicitor, and *Abraham Wernick,* assistant city solicitor, for defendants.

SMITH, P. J., April 14, 1954.—This matter comes before the court on preliminary objections filed by plaintiff to defendants' supplemental answer to his complaint in mandamus and to new matter attached thereto.

The complaint is one in mandamus in which it is averred that plaintiff was employed by the City of Philadelphia in the office of receiver of taxes at a salary of $2,700 per annum; that while so employed on January 7, 1952, plaintiff became an employe in the Department of Collections of the City of Philadelphia under the provisions of the Philadelphia Home Rule Charter, that defendant George S. Forde, revenue commissioner, without just or proper cause and in violation of the charter, unlawfully discharged plaintiff from the service of the City of Philadelphia, thereby depriving him of his employment and his right to qualify as an employe of the city under the charter. The petition avers that George S. Forde, Revenue Commissioner of the City of Philadelphia, is required under the provisions of the Philadelphia Home Rule Charter to reinstate plaintiff to his employment from which he was unlawfully discharged; that defendant has refused to do so and still refuses so to do.

Plaintiff therefore prays the court for a judgment against defendants to reinstate him in his employment, to assign to him the duties incident thereto, and to retain him in the employment during his good behavior and until he shall have had an opportunity to pass a qualifying test as provided by the Philadelphia Home Rule Charter, at a rate of compensation not less than the salary payable to him by, and received by him from, the City of Philadelphia at the time of the dismissal; the defendant, City of Philadelphia, pay, and

defendants, Stephen E. McLoughlin, Controller of the City of Philadelphia; Francis D. Pastorius, 5th, Treasurer of the City of Philadelphia; Lennox L. Moak, Director of Finance of the City of Philadelphia, and George S. Forde, Revenue Commissioner, Head of the Department of Collections of the City of Philadelphia, cause to be paid to plaintiff, as his damages, such moneys as may be determined to be due to him by reason of his having been deprived of his salary from the time of his dismissal and until such time as he shall have been reinstated in his employment, and also his costs.

Defendants in their answer deny that plaintiff was discharged without just and proper cause but assert that said discharge was for the purpose of effecting economy and efficiency in the reorganization of the department of collections. They also deny that plaintiff has exhausted all of the remedies available to him. Defendants later filed a so-called "supplemental" answer to the complaint in mandamus, denying that plaintiff was entitled to relief and averring that plaintiff failed to comply with the provisions of section 7-201 of the Philadelphia Home Rule Charter and Civil Service Regulation XXII, sec. 5, in that he failed to seek redress through the civil service commission.

In the new matter, attached to the "supplemental answer," defendants answer that they are informed that plaintiff did not order this case on the trial list until July of 1953, and by reason thereof, he is guilty of laches, and that defendants are advised that plaintiff is not entitled to recover any compensation because he has failed to state what moneys he has earned since his dismissal.

On this petition, "supplemental answer" and new matter, the case came on for argument before the court. By order of the Court of Common Pleas No. 7, consented to by the Court of Common Pleas No. 5,

this case and the case brought by Walter W. Jackson v. City of Philadelphia, et al., has been transferred to this court for the purpose only of determining preliminary objections.

Plaintiff moves the court to strike off the pleading of defendant's "supplemental" answer to the complaint in mandamus and new matter for the following reasons: That the "supplemental" answer was filed without leave of court nor with plaintiff's consent, and that the averments in paragraphs 14 and 15 of the said pleading, under the heading "New Matter", fail to state any affirmative defense and are not matters which may be raised in an answer.

There are about 350 cases of a like nature brought against the City of Philadelphia by former employes of city departments who claim that they were illegally dismissed without cause or first having had an opportunity of taking a qualifying test as was provided in the Home Rule Charter. The Philadelphia Home Rule Charter, section A-104, under caption of "Civil Service Status of Present Employees" provides:

"Employees holding positions in the classified service at the time of the adoption of this charter who were appointed after test and certification to such positions, *shall be continued in their respective positions* without further examination, *until lawfully* separated from their positions. Employees of the City at the time of the adoption of this charter and employees of any other governmental agency who *may become employees of the City* by virtue of amendment of the Constitution of the Commonwealth of Pennsylvania and the enactment of any legislation required by such amendment, who were not appointed after civil service test and certification *shall also be continued in their respective positions* (italics ours) provided that within one year after this charter takes effect or within one year after any such constitutional amendment and such legisla-

tion become effective they pass a qualifying test prescribed by the Personnel Director and approved by the Civil Service Commission. Those who fail to so qualify shall be dismissed from their positions within thirty days after the establishment of an eligible list for their respective positions. Nothing herein shall preclude the reclassification or reallocation as provided by the civil service regulations of any position held by any such employee."

This clearly indicates the scheme of employment between the city as employer and one of its employes who held a position in one of the departments of the city at the adoption of the charter. This relation was meant to continue in the employer-employe relationship or status during good behavior until the person employed at the time of the adoption of the charter had an opportunity to qualify for his job in a city department after a reasonable test. This employe was not appointed after a civil service test. The charter provides for such a test.

There seems to be no merit in the contention of the city that plaintiff should first exhaust his remedy before the civil service commission before he has the right to proceed by mandamus. He was never given a civil service test but was discharged without one. It may be that plaintiff could not pass a reasonable qualifying test for his position or status but he should have the opportunity of taking the examination to come within a civil service status and to prevent his firing at the will of some department head because of race, religion, politics, or color. In Lennox v. Clark, 372 Pa. 355, 365, 368, it was held:

"On January 7, 1952, therefore, *all* city officers and employes became immediately subject to these provisions of the Charter, except that the former county employes were afforded by section A-104 of the Charter

the privilege of taking a qualifying test to satisfy civil service requirements."

The city has filed a "supplemental answer" without leave of court or without the consent of opposing counsel. Without such leave of court or consent of counsel, the answer cannot stand. See Pa. R. C. P. 1033. The city cannot sidestep these requirements by labeling its pleading as a "Supplemental Answer." The city is actually seeking to file an amended answer and the procedure outlined by our rules must be followed. See Pa. R. C. P. 1017(*a*).

But if the city had observed these basic rules of pleading, it is apparent that plaintiff's preliminary objections to the "supplemental answer" must be sustained for the city argues that plaintiff is guilty of laches in not bringing his action to trial sooner. This argument does not impress us. The action was instituted in proper time. Plaintiff's alleged undue delay in proceeding to trial cannot be raised in defendant's answer. Defendant has confused this with the right to assert laches for failure to institute suit promptly. See Pa. R. C. P. 1030. The city's proper remedy, if any, is to file a petition for a non pros based upon any undue delay in proceeding to trial: Amram's Common Pleas Practice, 5th ed., p. 49; Forrest v. Philadelphia Rapid Transit Company, 261 Pa. 383.

It all seems like shadow-boxing to us. The case should be tried on its merits. One of the 350 cases brought by former city employes against the city should be selected which contains all the material averments and defenses here at issue. Then a speedy trial on the merits should be arranged before a special panel of judges.

### Order

And now, to wit, April 14, 1954, the preliminary objections to the supplemental answer and new matter are sustained.