## Gray *v.* Grunnagle, Appellant.

Argued March 16, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

404

*Bruce R. Martin,* for appellant.

*Charles Gray,* appellee, in propria persona.

*Francis E. Shields,* with him *Gerard J. Carpency, Alfred W. Cortese, Jr.,* and *Frank W. Cubbon, Jr.,* of the Ohio Bar, and *Pepper, Hamilton & Scheetz,* for amicus curiae.

OPINION BY MR. JUSTICE O'BRIEN, April 24, 1967:

The case at bar was previously heard and decided in this court in *Gray v. Grunnagle,* 423 Pa. 144, 223 A. 2d 663 (1966). The plaintiff had won a jury verdict in a trespass action against defendant, and a judgment n.o.v. had been entered for the defendant. On plaintiff's appeal, we reversed the judgment n.o.v. and entered judgment on the jury verdict for plaintiff.

Subsequent to the trial of the action, defendant had filed, in addition to a motion for judgment n.o.v., a motion for new trial. As hereinbefore stated, the motion for judgment n.o.v. was granted, and consequently, the new trial motion was denied as being moot. Following our reversal of the judgment n.o.v., defendant applied to the court below for disposition of his new trial motion. The court below properly refused such disposition on the ground that it was precluded from

passing on the new trial motion by our entry of judgment on the verdict. Defendant has now appealed, and plaintiff has filed a motion to quash the appeal which we ordered to be argued at the time of oral argument on the merits. At argument, however, we restricted counsel to argument on the motion to quash.

In the previous appeal, the entire record below was before us, and all of the matters raised in defendant's new trial motion were carefully considered by us and rejected, even though they may not have been specifically treated in our opinion. Moreover, the matters raised in defendant's new trial motion were again considered in connection with defendant's petition for reargument filed subsequent to our former opinion in this case. We conclude that no useful purpose would be served in opening the judgment heretofore entered and remanding the matter to the court below for disposition of the new trial motion, inasmuch as we have, in effect, already considered these matters and found no basis for the grant of a new trial. We shall, therefore, grant plaintiff's motion to quash the appeal.

Appeal quashed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

I dissent on the ground that even though the court below made an order dismissing the motion for a new trial, the record clearly shows that the court below did not consider the motion on its merits or the reasons advanced for a new trial, but dismissed the new trial motion solely because it granted a judgment n.o.v. Under these circumstances, proper practice and fairness to the court below and to all parties concerned mandates that the court below be given an opportunity initially to consider and pass upon the question of a new trial.

Mr. Chief Justice BELL joins in this dissenting Opinion.