371 A.2d 961

**William H. CARTER, Jr., Appellant,**

v.

**James AMICK et al.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1976.

Decided March 31, 1977.

John A. Caputo, Pittsburgh, with him Clyde G. Tempest, Monongahela, for appellant.

James A. Wood, Pittsburgh, with him Robert E. Wayman, Pittsburgh, for appellee.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appeal is taken from an order of the court below dismissing appellant's cause of action, with prejudice, as a result of inactivity. Because the lower court abused its discretion, we reverse and reinstate those cases "terminated" by the order of the lower court.

On August 3, 1969, appellant was a passenger in an automobile which collided with another vehicle driven by appellee James Amick. This action for personal injuries was initiated by a summons in trespass filed June 17, 1971 at No. 2921 July Term, 1971. A second writ of summons was filed on July 2, 1971 at No. 82 October Term, 1971, adding James Amick, Sr. as a defendant. On June 29, 1973, the writ was reissued and a complaint filed at No. 2921 July Term, 1971. Appellant had intended to obtain reissuance of the writ and to file his complaint at No. 82, but mistakenly listed the wrong number and term. Correction was effected by order of court on August 14, 1973. Appellant's last action of record, prior to appellees' petition to terminate, was the filing of answers to appellees' interrogatories on February 20, 1974. At sometime during the period from late March to early April of 1976,[1] the parties informed each

1. The dates are not of record due to the very loose filing practices of counsel for both parties, apparently sanctioned by the lower court. For example, the lower court's order is a part of the appellees' petition, which was never filed or docketed prior to April 8, 1976.

other of diametrically opposed objectives. Appellees intended to petition the lower court to dismiss the case for inactivity, while appellant planned to petition for reactivation of the matter. Both petitions were presented to the court on April 2, 1976, at which time counsel for each party argued. On April 8, 1976, the court below signed an order dismissing the cases for inactivity.

Appellees' petition sought termination on the basis of Local Rule 229(e), entitled "Termination of Inactive Cases," which has been adopted in Allegheny County as a supplement to Pa.R.C.P. No. 229. Rule 229(e) states:

"Any matter pending in the Civil or Family Division in which there has been no activity of record for a period of two (2) years or more shall be terminated automatically by operation of law by reason of inactivity. The first period of two years is to begin on January first, 1973. The matter may be reactivated by the Court upon petition for good cause shown after such notice as the Court shall direct. The filing of a paper after automatic termination under this rule shall not reactivate the terminated matter. Adopted June 26, 1974. Eff. Jan. 1, 1975."

Appellant's action, however, was not treated, either by the court or by appellees, as automatically terminated under Rule 229(e). Appellees presented a petition for termination, and the court entered its order "upon consideration of the foregoing Petition for Termination as a Result of Inactivity," without any mention of Rule 229(e). The action of the court was thus, functionally, the granting of a non pros.

The standard of appellate review in this area was summarized in *Gallagher v. Jewish Hospital Association of Philadelphia*, 425 Pa. 112, 228 A.2d 732 (1967), where our Supreme Court observed that, "[i]t is well settled law that the question of granting a non pros

because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof. *Aldridge v. Great A. & P. Tea Co.*, 394 Pa. 57, 145 A.2d 695; *Margolis v. Blecher*, 364 Pa. 234, 72 A.2d 127; *Potter T. & T. Co. v. Frank*, 298 Pa. 137, 148 A. 50." *Id.* at 113, 228 A.2d at 733.

■ "A lower court properly enters a judgment of non pros 'when a party to the proceedings has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party . . .' " *Kennedy v. Bulletin Co.*, 237 Pa.Super. 66, 68–69, 346 A.2d 343, 344–45 (1975), *quoting James Bros. Co. v. Union Banking Co.*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968). *See also Gaito v. Matson*, 228 Pa.Super. 288, 323 A.2d 753 (1974), *cert. denied*, 419 U.S. 1092, 95 S.Ct. 685, 42 L.Ed.2d 684 (1974); *Rizzo v. Pittsburgh Ry.*, 226 Pa.Super. 566, 323 A.2d 174 (1974).

■■ In the instant case a more than two year absence of on-record activity was shown, although appellant alleges that negotiations continued for an unspecified period subsequent to the filing of his last document. A delay in prosecution equal to or longer than the applicable statute of limitations has usually been found sufficient to warrant a judgment of non pros, if the other requirements are satisfied. *Kennedy v. Bulletin Co., supra; see also 5 Goodrich-Amram, Standard Pennsylvania Practice*, 108–109. The first requisite for a grant of non pros was thus present.

■ Second, to justify a non pros, the delay in prosecution must be without compelling reason. Due to procedural faux pas by the parties and the court below, it is difficult to decide this issue. Neither appellees' petition

to terminate nor appellant's petition to reinstate was properly filed, and the court below did not favor us with an opinion in support of its order. However, because appellees admit, in this appeal, that appellant's claims in explanation of the delay were presented to the lower court, we will treat appellant's petition as an answer in a non pros action.

Appellant presents the following explanation for two years of dormancy in this case. In 1973, appellant's original counsel was appointed to the bench and left the private practice of law, transferring his cases to his former law partner. Soon thereafter, this attorney became seriously ill and was unable to practice law for approximately one and a half years. Due to his illness and the additional burden of his former partner's caseload, it was difficult for this counsel to secure another attorney to assume the duties he was unable to perform.

In *McFadden v. Pennzoil Co.*, 326 Pa. 277, 191 A. 584 (1937), our Supreme Court upheld the striking of a judgment of non pros when it appeared that the delay in the case had been due to counsel's bad health and oversight rather than any neglect by the plaintiff. *Cf. Esso Standard Oil Co. v. Taylor*, 399 Pa. 324, 159 A.2d 692 (1960); *Arzinger v. Baughman*, 348 Pa. 84, 34 A.2d 64 (1943). It thus appears that the facts alleged by appellant would constitute, under the case law on non pros, "compelling reason" for the delay herein.[2] Under the circumstances, it is difficult to say whether the lower court should have denied appellees' petition to terminate or granted appellant's petition to reactivate. It is only necessary to state that, applying established non pros standards, the lower court abused its discretion.

2. The applicable standard for reactivation of a case under Rule 229(e), "good cause shown," cannot reasonably be interpreted as a more stringent requirement. Appellant thus should have prevailed in a decision based on the Rule, as well as under the law of non pros.

536

■ Finally, it is significant that neither in their petition nor in the instant appeal do appellees allege any prejudice to them resulting from the delay in this case. In fairness, it must be noted that appellees based their action below and all their arguments herein on Rule 229(e), which requires no showing of prejudice. However, as we have determined that the lower court's action was equivalent to the granting of a non pros, we find the lack of asserted prejudice to be an additional factor indicating the propriety of reversing the order entered below.

The order of the lower court is reversed and the matters appearing at No. 82 October Term, 1971 and No. 2921 July Term, 1971 in the lower court are reinstated.

WATKINS, President Judge, did not participate in the consideration or decision of this case.