## Townsend v. Long

*William R. Cooper*, for plaintiff.
*William M. Power*, for defendants.

WALSH, *J.*, July 6, 1977—Defendants' petition for judgment of non pros has been submitted under Rule *266 for disposition. On February 23, 1973, plaintiff filed a complaint in equity for specific performance of a contract to sell real estate and for certain ancillary relief. The suit is based on an installment sales agreement under which the plaintiff purchaser was given immediate possession, fee title to pass when the monthly installments were paid. Plaintiff took possession in August of 1970, moved to Florida in June of 1971, and placed the property for sale. Monthly payments to defendant sellers were made until January 1972. The complaint avers that defendants moved back into the house contrary to the terms of the agreement.

The last pleading was filed August 15, 1973. On August 27, 1976, defendants petitioned the court for judgment of non pros. The petition was denied on consideration of the averment of plaintiff that the delay was due in part to the defendants not being ready to go to trial in October, 1973, when plaintiff was available. At some time thereafter, plaintiff moved and apparently has not informed his attorney where he can be reached. The pleadings do not contain the date on which the attorney-client contact was lost.

On March 22, 1977, defendants again petitioned the court for judgment of non pros. It is averred in the petition that more than three years have passed since defendants may have had any part in the delay and that plaintiff's attorney has had sufficient time to locate his client.

A judgment of non pros may be entered when a party has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party. A delay in prosecution equal to or longer than the applicable statute of limitations has usually been found sufficient to warrant a judgment of non pros if the other requirements are satisfied: Carter v. Amick, 246 Pa. Superior Ct. 530, 371 A. 2d 961 (1977), and cases cited therein. The statute of limitations in suits for specific performance of contracts for the sale of real estate is five years after such contract was made unless such contract shall give a longer time for its performance or there has been, in part, a substantial performance.*

---

*Act of April 22, 1856, P.L. 532, sec. 6, 12 P.S. §83 [see now 42 Pa.C.S.A. §5526].

The delay in the instant case has been less than five years, but this circumstance, standing alone, is not fatal to the petition for judgment. The Supreme Court of Pennsylvania has said that a court of equity is not hidebound by the applicable statute of limitations, but may in an appropriate case hold a plaintiff guilty of laches at a point within the running of the legal statute of limitations: Johns v. Cheeseman, 457 Pa. 414, 420, 322 A. 2d 648 (1974), and cases therein.

On the meager record before us we are unwilling to assume that plaintiff has acted unreasonably. His failure to communicate with his attorney conceivably may be due to ill health or other causes beyond his control. To grant a non pros at this point might well constitute an abuse of the court's discretion. This is not to say that plaintiff is entitled to time without end. There must be an end to litigation. Under all the circumstances we feel that a reasonable time limit for plaintiff to proceed will be not later than five years after the last activity shown on the prothonotary's docket. If the delay continues beyond August 15 of next year without compelling reason, resubmission of the petition will be appropriate.

## ORDER

And now, July 6, 1977, for the reasons stated in the foregoing opinion, it is ordered that the petition of defendants for judgment of non pros is denied and dismissed.