419 A.2d 798

**Patsy DeSIATO,**

v.

**Jesse A. SHAHBOZ and Anna J. Shahboz, Appellants.**

Superior Court of Pennsylvania.

Argued June 14, 1979.

Decided April 25, 1980.

334

Raymond Jenkins, Ambler, for appellants.

Raymond B. Reinl, Willow Grove, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, are sitting by designation.

STRANAHAN, Judge:

This is an appeal by Jesse A. and Anna J. Shahboz, the appellants, from the denial of their Motion for Judgment N.O.V. by the court below.

On February 8, 1966, the appellee, Patsy DeSiato, filed a Complaint in Assumpsit which alleged a breach of an oral contract to do masonry work that the parties had entered into on June 12, 1960. The appellants denied the allegations in their Answer and filed New Matter and a Counterclaim alleging that the appellee breached the contract and thereby caused the appellants to incur additional expenses and a loss of profits in operating their motel. The appellee denied these allegations in an Answer to appellants' Counterclaim that was filed on November 14, 1966.

The case appears to have remained dormant for the next five years until June 19, 1971 when counsel for both parties signed a praecipe to place the case on the pre–trial list.[1] However, that praecipe was either not filed or filed and misplaced. In 1974 another praecipe was filed and a pre–trial conference was held on October 2, 1974. The parties agreed to submit the matter to an arbitration hearing.

On February 11, 1975, an arbitration panel awarded a verdict to the appellee for $2835.00 plus 6% interest from December 8, 1960, the date of the breach. On February 28, 1975, the appellants appealed the arbitrator's award to the Court of Common Pleas of Montgomery County and filed a praecipe to have the case put on the trial list.

The trial began on June 23, 1975, more than fourteen years after the cause of action accrued and more than nine years after the Complaint had been filed. At the close of the appellee's case, the appellants submitted a Motion for a Compulsory Nonsuit contending that the appellee had failed

1. Appellee's original counsel had to resign from the case because of his wife's ill health which required his attention, and he could not find another attorney who would agree to handle the matter until 1971.

to prove a prima facie case[2] and that the appellants had been prejudiced by the appellee's failure to bring the case to trial with reasonable promptness.[3] That motion was denied. The jury rendered a verdict of $4000.00 for the appellee and a verdict against the appellants on the counterclaim.

In a Motion for Judgment N.O.V. the appellants requested the court below to grant a non pros nunc pro tunc. The lower court denied that motion. This appeal followed.

## I. WHETHER THE DEFENDANT WAIVED HIS RIGHT TO A NON PROS?

■ The granting of a non pros, whether timely raised or raised nunc pro tunc, is a matter of the lower court's discretion. *Poluka v. Cole*, 222 Pa.Super. 500, 295 A.2d 132 (1972). A court properly enters a judgment of non pros when a plaintiff has shown a want of due diligence by failing to proceed with reasonable diligence in bringing his cause to trial, there has not been a compelling reason for the delay, and the delay has caused some prejudice to the defendant. *Carter v. Amick*, 246 Pa.Super. 530, 371 A.2d 961 (1977); Goodrich–Amram II, *Standard Pennsylvania Practice*, sec. 231(b):2.1. This Court will not reverse a lower court's decision in granting or denying a non pros absent a clear abuse of discretion. *Gallagher v. Jewish Hospital Ass'n*, 425 Pa. 112, 228 A.2d 732 (1967); *Manson v. First National Bank*, 366 Pa. 211, 77 A.2d 399 (1951).

■ However, a party's right to seek a non pros may be waived when he indicates through his conduct a willingness

2. The issue of whether the appellants were entitled to a compulsory non suit for the appellee's failure to present a prima facie case is not before the court in this appeal.

3. Since the time that the suit had been commenced, some nine years prior to trial, both appellants had become physically incapacitated due to age so that they could not testify, a third disinterested witness had become unavailable for the trial, and evidence concerning the condition of the appellee's masonry work had to be limited to photographs taken by the appellants' son.

to try the case on the merits notwithstanding the delay. *Pennsylvania R. R. Co. v. Pittsburgh*, 335 Pa. 449, 6 A.2d 907 (1939); *Kennedy v. Bulletin Co.*, 237 Pa.Super. 66, 346 A.2d 343 (1975); *Poluka v. Cole*, supra. The rationale behind this waiver is that both parties have an obligation to assert their legal rights with promptness so that it would be inequitable to grant a non pros to a defendant who believed that the plaintiff had abandoned his action and yet who still manifested an intention to pursue the merits of the cause and allowed the plaintiff to incur the expense of bringing the case to trial. *Forrest v. Philadelphia R. T. Co.*, 261 Pa. 383, 104 A. 663 (1918).

■ Even if the appellants had been entitled to a non pros at some point, by not raising the issue until the middle of the jury trial, the appellants waived their right to a non pros.[4] As the lower court points out in its opinion, before the appellants had sought a non pros, they had participated in a pre–trial conference, had agreed to have the case submitted to arbitration, had participated in an arbitration hearing, had placed the case on a trial list, had picked a jury, and had proceeded to trial. We are hard–pressed to conceive of a clearer indication by the appellants that they wished to have the case heard on its merits.[5]

In *Gallagher v. Jewish Hospital Ass'n*, supra, Chief Justice Bell described the purpose of a non pros as a means of the defendant to prevent a plaintiff from bringing to a hearing on the merits a claim whose "footprints [have been] extin-

4. We are not impressed by the appellants' argument that they were too sick and feeble to assert or waive their right to a non pros since they were represented by legal counsel.

5. We are not called upon to decide at exactly what point the appellants should have first moved the lower court for a non pros in order to avoid a waiver. It may well be that by agreeing to have the matter heard by an arbitration panel, the appellants waived their right to a non pros. *Philadelphia R. R. Co. v. Pittsburgh*, supra. It is clear to this Court, however, that by not raising the issue of a non pros until the middle of the trial, the appellants waived their right to one.

guished on the sands of time." Id., 425 Pa. at 117, 228 A.2d 735. In the present case, having allowed the appellee to venture to trial, the appellants lost their chance to complain that those footprints were faint.

Therefore, we hold that the appellants waived their right to a non pros so that the court below did not abuse its discretion in denying the appellants' Motion for Compulsory Non Suit and their Motion for Judgment N.O.V.[6]

## II. OTHER ISSUES

In view of our holding on the issue of the waiver of the appellants' right to a non pros, it is not necessary to decide the merits of whether a compulsory non suit or a non pros should have been granted.

■ The appellants also contend that the court below erred in charging the jury with determining whether they were prejudiced by any unreasonable delay by the appellee in bringing the case to trial. We agree. The granting of a non pros is a matter for the discretion *of the court, Philadelphia R. R. Co. v. Pittsburgh*, supra, (emphasis added), and the jury should not have been given the question of prejudice resulting from unreasonable delay. However, we think that the error was harmless to the appellants because they were not entitled to a non pros and, even if they were, the charge would not have adversely affected them.

The order of the lower court is affirmed.

**6.** At the close of the appellee's case, the appellants moved for a compulsory non suit on the grounds that the appellee failed to prosecute his case with reasonable diligence. In their Motion for a Judgment N.O.V., the appellants sought a non pros nunc pro tunc. Although a non suit and a non pros are not identical, we consider both to have been alternatively available to the appellant in this case. Goodrich–Amram II, *Standard Pennsylvania Practice*, 231(b):2.