**Johnson v. 2140 Bar Corp**

*Gary C. Hoicher*, for plaintiff.
*Lester H. Novock*, for defendant.

GREENBERG, *J.*, October 8, 1982—Defendant has appealed this Court's Order dated September 1, 1981, which denied defendant's motion to strike judgment, set aside or vacate assessment of damages.

## BACKGROUND

Defendant, 2140 Bar Corporation, Sareto Bar, engages in business at the southwest corner of 12th and Wallace Streets, Philadelphia, PA. On December 11, 1971, plaintiff, Alice Johnson, was properly on these premises as a business invitee, when she fell and sustained various injuries. The action was started in December, 1973 by summons. Plaintiff alleges that defendant negligently failed to maintain the premises in an adequate condition, failed to inspect the premises, and failed to furnish warning of the existing dangerous conditions. On March 1, 1974, Alice Johnson, the principal plaintiff, died. On January 7, 1976, a complaint in trespass and assumpsit was filed against defendant. On March 13, 1979, judgment was entered against defendant for want of appearance. On January 20, 1980, Jeanette Johnson, the daughter of Alice Johnson, was appointed Administratrix of the Estate. The arbitration panel assessed damages against defendant for $11,310, on February 9, 1981. On March 9, 1981, defendant filed a motion to strike the judgment and set aside the assessment of damages. On March 13, 1981, plaintiffs filed a suggestion of death as to Alice Johnson and substitution of Jeanette Johnson as personal representative. This court denied defendant's motion

on September 1, 1981. The instant appeal was taken on September 9, 1981.

## DISCUSSION

The issues presented in this case are as follows:

(1) Whether the delay of more than five years between the death of Alice Johnson (March 1, 1974) and the filing of the suggestion of death (March 13, 1981) renders the entry of judgment and arbitration award void?

(2) Whether the arbitration chairman failed to furnish proper notice to defendant as required by Pa.R.C.P. 1093?

Defendant argues that the March 1, 1982 entry of judgment is rendered void by the delay of more than five years between the death of Alice Johnson and the filing of the suggestion of death.

Pa.R.C.P. 2352 provides:

"the successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based."

There is no provision in the rules fixing any time limit within which a successor must voluntarily substitute himself. With respect to voluntary substitution of a plaintiff, the time limit will generally be unlimited. Goodrich-Amram 2d 2352(a):4.

In Forest v. Philadelphia Rapid Transit Company, 261 Pa. 383, 385 (1918), plaintiff died November 2, 1909 and his death was suggested in October, 1915 and June, 1916. Substitution of an administratrix for plaintiff occurred on June 5, 1916. The court said, "It is true plaintiff's death was not suggested until eight and a half years after initiation of the suit, but during all that time, de-

fendant was fully apprised, by the record, of the cause of action, and could prepare to meet it." Forest, supra, at 388. The court held that defendant waives default or laches in the prosecution of the action where he takes no steps to abate the action until plaintiff has incurred the expense of the preparation of the trial and the cause is before the court and jury for hearing and determination. Forest, supra, at 389.

In DeSiato v. Shahboz, 277 Pa.S. 333, 419 A. 2d 798 (1980), an assumpsit complaint was filed on February 8, 1966 and remained dormant for five (5) years until June 19, 1971. The parties placed the case on the pre-trial list on this date. On February 11, 1975, an arbitration panel awarded $2,835 to plaintiffs and an appeal followed. The court held that a party's right to seek a non pros may be waived when he indicates through his conduct a willingness to try the case not-withstanding the delay. DeSiato, supra, at 800. Defendants waived their right to a non pros by agreeing to have the matter heard by an arbitration panel.

The Act, 20 Pa.C.S.A. §3372, governing survivorship of actions, provides that substitution of the personal representative of a deceased party to a pending action shall be as provided by law. Pa.R.C.P. 2352, governing substitution of a successor, does not set a time restricton upon substitution. In the instant case defendant was fully apprised of the cause of action by the record. The complaint was filed in trespass and assumpsit, with notice to defend, on January 7, 1976. Default judgment was entered and notice given on March 13, 1979. The arbitration award was rendered on February 9, 1981. Defendant waived his non pros claim by waiting until March 9, 1981 to file his motion. In accordance with Forest, supra, defend-

ant cannot wait until determination of the issue to claim laches.

Defendant also contends that the arbitration chairman failed to furnish him with proper notice under Pa.R.C.P. 1033. Rule 1033 requires written notice to be given to the parties or their attorneys of record within 30 days. In the instant case, notice to defendant of arbitration is represented by a letter postmarked January 14, 1981. The arbitration was held on February 9, 1981. Therefore, the notice was eight days short of the statutory requirement.

However, even if written notice of arbitration was not received, the present defendant was not prejudiced. Entry of judgment and Rule 236 notice was rendered on March 13, 1979. At this time, defendant knew that only the assessment of damages remained. Defendant appealed the assessment figure within the 30 day statutory period. This appeal results in a trial de novo on the amount of damages; it is as if the award was never entered. Thus, there is no prejudice since the issue of damages comes before the court with the opportunity for defendant to present evidence in opposition to the amount. Defendant fails to demonstrate harm suffered by lack of written notice. This court presumes that defendant knew that arbitration would follow entry of judgment. Therefore, the requirement that written notice be delivered to defendant is a mere procedural technicality in the instant case.

## CONCLUSION

This court denies defendant's motion to set aside the March 13, 1979 entry of judgment and the February 9, 1981 arbitrators' assessment of damages. Defendant cannot now assert laches, i.e. the five year delay from plaintiff's death to the filing of a

suggestion of death, after the cause of action has proceeded to determination. Defendant cannot now assert violation of the statutory arbitration notice requirement when defendant knew that arbitration was forthcoming, and defendant was not prejudiced by lack of written notice. Defendant's technical argument cannot be upheld since no prejudice resulted from the shortened notice.