## JAMES STOEVER, ADMR., v. T. S. WALMER.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 18, 1891—Decided March 9, 1891.

1. An instruction, on the trial of an action by an administrator of a decedent, that a release of the cause of action by a former administrator, duly proved, entitled the defendant to a verdict, was not error, where there was no attempt on the part of the plaintiff to impeach the release, and no exception taken to the ruling.
2. Assuming, under Gordon v. McCarty, 3 Wh. 407, that the court erred in holding that the release could not be impeached because executed by a person not a party to the record, the obvious course of the plaintiff was to make an offer for that purpose, and if the offer was excluded to take an exception.
3. Where a verdict was directed for the defendant, and the same day a rule for a new trial granted, at the instance of the court, but the plaintiff, for more than a year thereafter, failed to bring the rule to argument, it was not error for the court to direct judgment to be entered on the verdict.

Before Paxson, C. J., Sterrett, Williams, McCollum and Mitchell, JJ.

No. 157 January Term 1891, Sup. Ct.; court below, No. 57 November Term 1883, C. P.

On October 6, 1883, James Stoever, administrator of Henry Stoever, deceased, brought assumpsit against Thomas S. Walmer, filing a declaration in the common counts. On November 23d, the defendant, under a rule to plead, pleaded non-assumpsit.

Statement of Facts.

On January 27, 1887, the discharge of James Stoever, as administrator of Henry Stoever, and the vacation on October 27, 1884, of his letters of administration issued, was suggested, and Emanuel Stoever, administrator de bonis non of Henry Stoever, was substituted as plaintiff on the record.

At the trial on March 7, 1887, before McPHERSON, J., the plaintiff adduced testimony showing that on March 20, 1875, the U. B. Mutual Aid Society had issued a policy of insurance or benefit certificate upon the life of Henry Stoever, for $3,000, one David Shutt being the beneficiary named therein; that David Shutt, on the same day, assigned the policy or certificate to Thomas S. Walmer, the defendant; that neither David Shutt nor Thomas S. Walmer was related to Henry Stoever; that Henry Stoever died on December 28, 1882, and that on April 25, 1883, the amount payable under the policy or certificate was paid to Thomas S. Walmer.

The plaintiff having rested, the defendant produced a release, dated March 20, 1884, executed under seal by James Stoever, then administrator of Henry Stoever, deceased, acknowledging the receipt from Thomas S. Walmer, the defendant in the suit stated in the caption thereof, of $100 in full settlement and compromise of said suit, quit-claiming and forever discharging the said Thomas S. Walmer, etc. The plaintiff objected to the admission of the release in evidence, on the ground that under the plea of non-assumpsit, nothing could be shown except what had occurred before the beginning of the suit; that the release should have been pleaded specially, and that it was a fraud upon the estate.

By the court: This evidence is competent; and if it were not, we would give the defendant an opportunity to plead specially; (no exception.)

The defendant then called witnesses who proved the execution of the release, and, without exception taken, it was read to the jury. The defendant then rested:

Mr. Boyer: Am I to be forced to go on in this case under the circumstances?

By the court: We will hear you upon one question, whether you could, under any circumstances, be heard in reply to this release in this case. It is now proven to be a genuine release when Mr. Stoever was administrator.

Argument; at the conclusion of which Mr. Boyer asked for a continuance.

By the court: [We will instruct the jury to find for the defendant, and will not enter judgment upon the case until we see what is to be done.] [1]  [For the present, that is a perfect defence, of course ;] [2] but we will not preclude you by entering judgment, until you have an opportunity to attack the release.

To the clerk: Take a verdict for defendant.·

—The jury rendered a verdict for the defendant.

On the same day, there was a " motion for a new trial directed to be entered by the court."

On September 29, 1887, no reasons for a new trial having been filed by the plaintiff, the defendant moved for the entry of judgment on the verdict.

After argument, the court, McPHERSON, J., on the same day filed the following:

This case is out of the usual course. The plaintiff is the second administrator of the decedent, James Stoever having been the first, and the letters to him having been revoked. While James's letters were in force, however, he released the claim in suit, and upon the trial this release was relied upon. The plaintiff alleged it to be a fraud upon the estate, but we thought this question could not be raised in the pending suit, because James Stoever was not a party thereto and therefore could not be heard in reply to so serious a charge. As the release could not be attacked, we directed a verdict for the defendant, and then, upon the plaintiff undertaking to file a bill in equity to set aside the release, also directed the entry of a motion for a new trial, thus suspending judgment. At the time, we supposed this to be agreeable to both parties ; the notes of trial show no objection, but we may have been mistaken.

The reason for suspending judgment seems plain. If the release ought to be set aside, the plaintiff ought not afterwards to be met by a judgment in a former suit for the same cause of action, and thus be barred of recovery. On the other hand, if the allegation of fraud should not be made out, the motion would be refused, and the defendant would then have his judgment without another trial, meanwhile having the advantage of the verdict. The bill has been filed, and the parties can

Opinion of the Court.

have a speedy decision if they so desire.* For the present, therefore, we think fairness and justice require us to refuse this motion. Exception to defendant.

—No further action was taken in the court below, until October 17, 1888, when the plaintiff moved that the rule for a new trial be made absolute, and that a new trial be granted. On December 7, 1888, an order was made discharging the rule for a new trial and directing that judgment be entered on the verdict on payment of the jury fee. Judgment having been entered, the plaintiff took this appeal, assigning for error:

1, 2. The portions of the charge embraced in [ ] [1] [2]

*Mr. Bassler Boyer,* for the appellant.

Counsel cited: Davidson v. Little, 22 Pa. 252; Gordon v. McCarty, 3 Wh. 407.

*Mr. W. M. Derr,* for the appellee.

Counsel cited, as to the want of an exception in the court below: Shaffer v. Eichert, 132 Pa. 285. As to the admissibility of the release: Lenig v. Eisenhart, 127 Pa. 59; Lyon v. Marclay, 1 W. 271; Harris v. Tyson, 24 Pa. 347; Davidson v. Little, 22 Pa. 245.

PER CURIAM:

Assuming that the court below erred, under the authority of Gordon v. McCarty, 3 Wh. 407, in holding that the release could not be attacked because James Stoever was not a party to the action, the fact remains that the plaintiff made no attempt to impeach it. His obvious course was to call a witness for that purpose, and if his evidence was objected to and excluded, to take an exception to the ruling of the court. This was not done. The plaintiff appears to have rested upon the opinion of the court that the release could not be attacked, yet took no exception thereto. Nor does an exception appear to

---

* It was stated in the appellant's paper-book that to No. 4, Equity D., 1887, a bill in equity was filed for the cancellation of the release; and that on a demurrer to the amended bill, the court, on October 8, 1888, following the case of Gordon v. McCarty, 3 Wh. 407, sustained the demurrer and dismissed the bill.

have been taken to anything; not even to the order of the court directing a verdict for the defendant.

The learned judge was evidently convinced that in the hurry of trial he had committed an error, for, on the same day the verdict was rendered, a motion for a new trial was directed to be entered by the court. Several months afterward a motion was made by defendant's counsel for judgment upon the verdict, and one of the reasons was that the plaintiff had filed no reasons for a new trial. This motion was denied September 29, 1887. On December 7, 1888, a new trial was refused, and judgment entered upon the verdict. It would thus appear from the record that the plaintiff had every opportunity to obtain a new trial. Instead of availing himself of it, he brings the case here without an exception to any ruling of the court.

As the case stood in the court below the defendant was entitled to a verdict. The release was prima facie a good defence. Aside from this, there was no direct evidence that Shutt and Walmer had no insurable interest in the life of Henry Stoever. There was evidence that neither of them was a relative, but none that they were not creditors.*

Judgment affirmed.

* See Lenig v. Eisenhart, 127 Pa. 59.