# Cinnaminson Park Company, Appellant, *v.* Laws.

*Judgment—Judgment entered for default—Opening judgment—Defense—Stock subscription.*

A judgment entered for failure to file an answer in an action brought to recover a stock subscription, will be opened, where it appears that the judgment had been entered because of the neglect of a defendant's attorney to attend to his duty, and the evidence taken to support the rule to open the judgment showed that the stock subscription had been paid.

Argued Dec. 14, 1915. Appeal, No. 320, Oct. T., 1915,

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct. by plaintiff, from order of Municipal Court, Philadelphia Co., Feb. T., 1915, No. 228, making absolute rule to open judgment in case of Cinnaminson Park Company v. John Laws. Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule to open judgment.

*Dean Pressey* and *Joseph Klapp Nicholls,* for appellant.

*John W. Parks,* with him *John A. Sparks,* for appellee.

Opinion by Kephart, J., April 17, 1916:

The plaintiff brought suit to recover an amount due on a stock subscription. Judgment was entered for failure to file an answer. An attachment was issued directed to the Western Saving Fund Society, where the defendant had moneys on deposit. A petition was then presented asking that the judgment be opened and the defendant be permitted to make a defense. The court made an order directing the judgment to be opened and upon terms that three hundred dollars be impounded to satisfy any judgment that might be recovered against the defendant.

It has been repeatedly held that applications such as this are equitable proceedings and addressed to the sound discretion of the court: Italian, Etc., Bank Assn. v. La Spada, 58 Pa. Superior Ct. 576; Colguhonn v. Manufacturing Co., 62 Pa. Superior Ct. 85; Kaier v. O'Brien, 202 Pa. 153. To secure favorable consideration of such application there should be presented some meritorious circumstances calling for equitable

relief in addition to a good defense. The defendant had employed and paid counsel to look after his case; his counsel failed to attend to his duty and the only knowledge of an adverse judgment was when he was notified about the attachment proceedings. Thereupon he immediately presented the application above mentioned to the court below. A careful examination of the evidence submitted in behalf of the petition to open the judgment shows that if it were believed by a jury a verdict on it would be sustained. If the defendant has paid for his stock subscription as claimed or if the stock subscriptions were secured through fraud, he should not be called upon to pay the amount of the claim. The court in opening the judgment and in protecting the plaintiff by the order made did not abuse its discretion.

The assignments of error are overruled and the order is affirmed at the cost of the appellant, and a procedendo awarded.