This matter is before the court upon petition of John M. Gibson, executor of the estate of Robert F. Gibson, the original defendant, for non pros. The record discloses that the action is one in trespass charging the defendant, Robert F. Gibson, with negligently operating an automobile and injuring the minor plaintiff. *Page 519 
The accident happened on January 23, 1923, in the Borough of North Braddock. The statement of claim was filed June 26, 1924, or 17 months after the alleged accident. Service was had on the defendant July 3, 1924. Praecipe for appearance by defendant was filed July 9, 1924. And praecipe for issue was filed by the original counsel, Messrs. Weil, Sipe Campbell on August 18, 1924. Nothing apparently was done until May 12, 1927, when another praecipe for issue was filed by U. G. Vogan, Esquire, and on November 4, 1929, U. G. Vogan, Esquire, filed praecipe for appearance for the plaintiff. On the same day another praecipe for issue was filed by U. G. Vogan, Esquire. Another praecipe for issue was filed by U. G. Vogan, Esquire, on September 23, 1931, and on October 7, 1931, A. H. Rosenberg, Esquire, filed praecipe for appearance for plaintiffs. On September 21, 1933, a suggestion of death and motion to substitute the executor was filed by the attorney for the defendant alleging that defendant had died on the 16th day of December, 1932. It can readily be seen that this case has been placed at issue four times for disposal.
The executor, representing the original defendant, in his petition to non pros. alleges that nine years and upward have elapsed since the bringing of the action; that the original defendant who has since died was the most important witness for the defendant in said action; that one William McGeary, an eyewitness, has since died; that other witnesses during the period of ten years from the date of the accident have scattered and their evidence will be unobtainable, and even if their presence in court could be had their memories and recollections of the incidents involved would be indistinct and unreliable.
As we review this record, the delay has been inexcusable and unwarranted, and it would be a gross hardship on the estate of the original defendant. Counsel for plaintiffs argues that the defendant was also at fault in not bringing this case to trial. In this we cannot concur. *Page 520 
In the case of Potter Title Trust Co. v. Frank, 298 Pa. 137, the Supreme Court said:
"True, the defendants could have forced the issue but were not bound to do so. Why should they voluntarily incur the trouble and risk of expensive litigation; . . . . . . plaintiff is the actor and it is his duty to bring on the trial."
In the case of Eilenberger v. D., L. W. R. R. Co., 6 Pa. D. C. 170, a cause of action arose in 1913. Suit was entered in 1915. After 10 years' delay, there was a rule for non pros., which was made absolute. Judge MAXEY, now Justice MAXEY, in his opinion at page 171, said:
"It has always been a policy of the law to expedite litigation and not to encourage any delays. From these facts arose the various statutes of limitations. The reason why the law is unfavorable to delayed litigation is self-evident. If any person has a right which he wishes to enforce, he should enforce it promptly. The person against whom the right is to be enforced might be greatly prejudiced by plaintiff's delay. Witnesses disappear or remove to distant parts and the entire aspect of the parties on both sides may change with the lapse of time. As Justice GREEN said in Waring Bros. v. P. R. R. Co.,176 Pa. 172, at page 176: 'The practice of the courts in compelling plaintiffs to proceed with their causes without unreasonable delay originated in the common law before the passage of any statute, and the statute of 13 Charles II, section 9, chapter 2, paragraph 3, limited the time within which a declaration might be filed to one year only added legislative sanction to the already existing power of the court.' "
Justice MAXEY also said in this opinion at page 171:
"It is true that it is set forth that the defendant, as well as the plaintiff, could have placed the case on the trial list; but counsel for the plaintiff well knows that it is not the practice, and it is obviously not to the interest of counsel for the defendant to order a case to trial. It is reasonable to expect that the person who brings the *Page 521 
action will expedite the action to a trial, and it is unreasonable to expect that the person against whom the action is tried will be eager to incur the expense of having the same tried. Many actions that are begun are never brought to trial, and defendants have a right to rely upon the knowledge of this fact."
The statute of limitations fixes the time as two years from the happening of an accident to the bringing of suit. It imposes no hardship on those who institute suit to understand that they must bring this action within two years. It certainly does not impose a hardship on those bringing the suit to require them to bring it to trial within a reasonable time thereafter. If it is against public policy to permit trespass suits to be begun more than two years after the action arose, it is equally against public policy to permit trespass suits to be tried more than nine years after they were started, unless delay is satisfactorily explained. In the instant case, we cannot find that such satisfactory explanation has been made. As a matter of fairness one who brings another into court should prosecute the claim against him with reasonable diligence. The delay in this case we believe to be highly prejudicial to the defendant's estate and the petitioner is entitled to a non pros.
Plaintiffs appealed.
Error assigned, inter alia, was judgment of non pros., quoting record.
The judgment of non pros., entered in this case in the lower court, is affirmed on the opinion of Judge ROWAND. *Page 522