Rizzo et ux., Appellants, *v.* Pittsburgh Railways Company et al.

Argued November 15, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Louis Vaira*, for appellants.

*Howard K. Hilner*, with him *Joseph A. Fricker, Jr.*, Assistant City Solicitor, for appellee.

OPINION BY JACOBS, J., April 3, 1974:

This is an appeal by the plaintiffs from a judgment of non pros. entered in favor of the defendants. The only issue before us is whether the lower court abused its discretion in granting the non pros.

The accident which precipitated this lawsuit occurred on October 18, 1962. On July 17, 1963, the plaintiffs filed their complaint in trespass. The case was

listed for trial on January 5, 1965, but at plaintiffs' request it was continued indefinitely. The case was again listed for trial on March 20, 1968, but at a pretrial conference on February 19, 1968, the lower court ordered the case to arbitration. No further proceedings were forthcoming until January 16, 1973, when plaintiffs had the case scheduled for an arbitration hearing on March 15, 1973. On February 13, 1973, defendant, Pittsburgh Railways Company, filed a petition requesting the court to enter a judgment of non pros., alleging that the plaintiffs had "abandoned the cause of action, and to re-list this case for trial, at the present time, would be prejudicial to the rights of the defendant."

The lower court may grant a non pros. when it appears that the plaintiff has failed to prosecute his action within a reasonable time, there is no reasonable excuse for the delay, and the delay has been prejudicial to the defendant. *James Bros. Co. v. Union Banking & Trust Co.*, 432 Pa. 129, 247 A.2d 587 (1968). Such a decision is within the sound discretion of the lower court and will not be reversed on appeal absent proof of a manifest abuse thereof. *Id.; Gallagher v. Jewish Hosp. Ass'n*, 425 Pa. 112, 228 A.2d 732 (1967) ; *Poluka v. Cole*, 222 Pa. Superior Ct. 500, 295 A.2d 132 (1972). If the delay in prosecuting the suit is as long or longer than the statute of limitations for the commencement of the action, a non pros. may generally be entered. 5 Standard Pennsylvania Practice 108-109 (1958).

The facts in the present case reveal that the cause of action occurred over 11 years ago; almost 5 years elapsed before the plaintiffs listed their case for arbitration after it had been ordered there by the lower court; no reasonable explanation was given by the plaintiffs for the delay; and during this time defendant, Pittsburgh Railways Company, was acquired by the Allegheny County Port Authority. The lower court found that such acquisition has prejudiced this defend-

ant's ability to defend the action since defendant has lost control over its former employees who would have been helpful to its defense.

In *Gallagher v. Jewish Hospital Association*, supra at 115, 228 A.2d at 734, the Pennsylvania Supreme Court, quoting from *Hruska v. Gibson*, 316 Pa. 518, 521, 175 A. 514, 515-16 (1934), stated: "The statute of limitations fixes the time as two years from the happening of an accident to the bringing of suit. It imposes no hardship on those who institute suit to understand that they must bring this action within two years. It certainly does not impose a hardship on those bringing the suit to require them to bring it to trial within a reasonable time thereafter. If it is against public policy to permit trespass suits to be begun more than two years after the action arose, it is equally against public policy to permit trespass suits to be tried more than nine years after they were started, unless delay is satisfactorily explained. . . . As a matter of fairness one who brings another into court should prosecute the claim against him with reasonable diligence."

Under the facts presently before us, we cannot say that the court below has abused its discretion.

Judgment of non pros. affirmed.