**White Oak Village, Inc. v. Mobil Pipe Line Company**

624

*Irving M. Portnoy,* for plaintiff.

*John W. Eichleay* and *Charles J. Duffy, Jr.,* for defendants.

*Robert L. Simmons,* for Commonwealth.

WETTICK, *J.,* September 8, 1980—This trespass action was commenced on May 15, 1974, but service was not made on all defendants until early 1976. On July 1, 1976 the Pennsylvania Department of Transportation (Commonwealth) filed preliminary objections to plaintiff's complaint raising sovereign immunity as a bar to the action. These preliminary objections were argued on March 18, 1977, and no decision has yet been rendered. There was no further activity of record until defendant Mobil Pipe Line Company on May 23, 1980 filed a motion in which the remaining defendants joined to have this action discontinued for inactivity.

Under local Rule 229(e) of this court, termination is automatic when there has been no activity of record for two years. See Gardone v. Stilts, 6 D.&C. 3d 481, 126 Pitts.L.J. 217 (1978). Local Rule 229(e) was adopted pursuant to subsection b of Pa.R.J.A. 1901 which directs every common pleas court to promulgate local rules to terminate cases

which have been inactive for an unreasonable period of time. The purpose of Rule 1901, as stated in the explanatory note to this rule, is "to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to a conclusion."

This purpose would not be furthered by construing local Rule 229(e) to include inactivity of record caused by court congestion and delay because this rule seeks to eliminate only those actions in which the parties have failed to proceed. Also, it would be unfair to penalize a party for inactivity that is beyond his or her control. Thus we limit local Rule 229(e) to inactivity caused by the failure of the parties to take reasonable steps to bring the matter to a final conclusion and will not construe this local rule to include inactivity that is attributable to court delay.

In the present case local Rule 214(h) prohibits plaintiff from placing the case at issue until the Commonwealth's preliminary objections are decided. Also, there would be little reason for any party to engage in discovery until these objections are decided and the pleadings are completed. Thus, until these preliminary objections are decided, there is no activity which the parties should pursue to bring these proceedings to a final conclusion. Consequently, we are not presented with inactivity because of the failure of the parties to bring the matter to a final conclusion and that will trigger automatic termination under local Rule 229(e), as construed by this court.

Possibly an inquiry from any party to the court would have prompted the court to decide these preliminary objections. However, once the prelimi-

nary objections were submitted to the court, it was the responsibility of the court to render a decision as promptly as possible. Pa.R.J.A. 1901 and our accompanying local rule reflect the policy of the courts to bring each matter to a final conclusion as promptly as possible. And if a court does not fulfill its responsibility to implement this court-adopted policy, we should not penalize a party for his or her failure to remind the court of its responsibility.

Although we will not under local Rule 229(e) terminate a case for inactivity when the inactivity is due to court delay, such delay may be the basis for a judgment of non pros. See, for example, Richards v. Swift, 241 Pa. Superior Ct. 359, 361 A. 2d 688 (1976), where the court upheld the granting of a judgment of non pros in an action which remained dormant for 19 years following the filing of a motion for a new trial. In the present case, however, the delay has been for less than three years and there appears to be no prejudice from the delay.* In fact, only the Commonwealth claims prejudice and we will not permit a party which has taken no steps to have its preliminary objections decided or withdrawn complain about any prejudice arising from the delay which its preliminary objections have caused.

For these reasons, we deny defendants' motion to terminate this action for inactivity.

## ORDER

On September 8, 1980, it is hereby ordered that defendants' motions to terminate this action for inactivity are denied.

---

*No judgment of non pros for inactivity may be entered unless a party has been prejudiced by the delay: Nath v. St. Clair Memorial Hospital, 251 Pa. Superior Ct. 361, 380 A. 2d 820 (1977).