J-S47045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE AND TRUST OF MARTHA ANNE LIVERANT, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOHN R. GAILEY, III, JEAN SCOTT FRIEND, KATE KAMINSKI, BENEFICIARIES | No. 2243 MDA 2015 |

Appeal from the Order Entered November 23, 2015
In the Court of Common Pleas of York County
Orphans' Court at No(s): 6701-0694

BEFORE: SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED NOVEMBER 08, 2016**

John R. Gailey, III, Jean Scott Friend, and Kate Kaminski (collectively, "Beneficiaries") appeal from the order entered in the Court of Common Pleas of York County, imposing a temporary stay on proceedings in the underlying litigation surrounding the Estate and Trust of Martha Anne Liverant, Deceased. Upon careful review, we quash the appeal.

This case involves a trust, the primary asset of which is a villa in Jamaica valued at approximately $1.5 million. Litigation in this matter has been ongoing for years and has involved, *inter alia*, the removal and surcharge of a prior trustee. Currently, there are before the Orphans' Court numerous outstanding petitions and motions, as well as objections to the second and final account of the now-removed successor trustee.

On November 23, 2015, at the request of counsel for the Beneficiaries, the Honorable John S. Kennedy convened a status hearing. At the hearing, the court focused on the status of the Jamaican property, which the trustee, Lawrence G. Frank, Esquire ("Trustee"), seeks to liquidate. Before the property may be sold, however, the title must be cleared, as numerous record co-owners have died. Trustee and Glenn C. Vaughn, Esquire, counsel for the Beneficiaries, updated the court on their joint efforts to resolve the title issues and, ultimately, list the property for sale. Attorney Vaughn advised the court that, due to the vagaries of the Jamaican legal system, it could take anywhere from six months to seventeen years to clear the title. The court, concerned that maintenance on the Jamaican property, coupled with ongoing litigation, was depleting the trust corpus, informed counsel that he intended to place a moratorium on the filing of further pleadings pending liquidation of the Jamaican real estate. There were no objections to the court's proposal, although counsel requested that the court rule on matters currently pending and ripe for disposition. By order filed December 9, 2015, the court "instructed all counsel to cease the filing of any legal paperwork in an effort to keep attorney fees at a minimum, and once we have liquidated the assets, then we can finish up the legal issues and determine how the proceeds should be distributed." Orphans' Court Order, 12/9/15, at 3.

On December 21, 2015, Beneficiaries filed a notice of appeal to this Court, followed by a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Judge Kennedy did not file a Rule 1925(a) opinion.

On appeal, Beneficiaries raise the following issues for our review:

1.    Whether in an ongoing trust administration an Orphans'
Court can, *sua sponte*, impose a moratorium on any filings
relating to pending and future proceedings and bar recourse to
judicial relief?

2.   Whether the collateral order of the Orphans' Court "to cease
the filing of any legal paperwork" indefinitely is immediately
appealable under Pa.R.A.P. 313?

Brief of Appellants, at 5.

Because Beneficiaries' second claim implicates our jurisdiction to hear this matter, we will address that claim first.[1]   Beneficiaries assert that the order in question is a collateral order under Pa.R.A.P. 313 and, therefore, is immediately appealable.  We disagree and quash the appeal.

In general, an appeal must be taken from a final order. ***In re Estate of Cherwinski***, 856 A.2d 165, 166 (Pa. Super. 2004); Pa.R.A.P. 341. Under Rule 341, an order is final if it disposes of all claims and all parties, is explicitly defined as a final order by statute, or is certified as a final order by the trial court or other reviewing body.   Pa.R.A.P. 341.   In proceedings involving a decedent's estate, generally the confirmation of the final account of the personal representative represents the final order.  ***Cherwinski***, 856 A.2d at 166.

---

[1] We note that this Court issued a rule, directed to Beneficiaries, to show cause why the appeal should not be quashed as having been taken from an order that is interlocutory and not appealable.   Beneficiaries timely responded to that rule and, by order dated February 5, 2016, the show cause order was discharged and the appealability issue referred to the panel.

Here, however, we are confronted with an order that places a temporary stay on the proceedings, pending the liquidation of the main trust asset. "An order issuing a stay within an action or proceeding is usually considered interlocutory and not appealable[.]" ***Spanier v. Freeh***, 95 A.3d 342, 345 (Pa. Super. 2014). Accordingly, Beneficiaries invoke the collateral order doctrine governing appeals of interlocutory orders, set forth at Rule 313.

Rule 313 provides as follows:

  (a) General rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

  (b) Definition. A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. Where an order satisfies the three-pronged test under Rule 313(b), we may exercise appellate jurisdiction even though the order is not final.

The Pennsylvania Supreme Court has stated that the collateral order doctrine is to be construed narrowly. ***Rae v. Pennsylvania Funeral Directors Ass'n***, 977 A.2d 1121, 1126 (Pa. 2009). Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order. ***Spanier***, 95 A.3d at 345.

We begin with separability, the first prong of the collateral order doctrine. Our Supreme Court has noted that:

> a claim is sufficiently separate from the underlying issues for purposes of collateral order review if it is conceptually distinct from the merits of the plaintiff[']s claim, that is, where even if practically intertwined with the merits, it nonetheless raises a question that is significantly different from the questions underlying plaintiff's claim on the merits.

*Pridgen v. Parker Hannifin Corp.*, 905 A.2d 422, 433 (Pa. 2006) (internal quotation marks and citation omitted). An appeal from an order to stay civil proceedings can be heard without reaching the merits of the underlying claim. *See Sew Clean Drycleaners & Launders, Inc. v. Dress for Success Cleaners, Inc.*, 903 A.2d 1254, 1258 (Pa. Super. 2006). Here, the issue of the Orphans' Court's decision to stay proceedings pending the sale of the Jamaican property can be decided without reaching the underlying merits of the matter. Accordingly, the separability prong of the collateral order doctrine is satisfied.

The second prong requires a showing by the Beneficiaries that the right involved is too important to be denied review. In order to satisfy the importance prong, it is not sufficient that the issue in question be important to the particular parties. *Spanier*, 95 A.3d at 346. Rather, the issue must involve rights deeply rooted in public policy going beyond the particular litigation at hand. *Id.* An issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by

adherence to the final judgment rule. *Ben v. Schwartz*, 729 A.2d 547, 552 (Pa. 1999) (citation omitted).

Here, the right asserted by the Beneficiaries is framed as one of constitutional due process. Specifically, Beneficiaries argue that "the counsel fees and other sums [they] could recover, for themselves and for the trust, but for the ban on filings, are of sufficient magnitude to violate due process if [Beneficiaries] are foreclosed from recovering them for a period of years." Brief of Appellants, at 27-28. They assert that "justice delayed is justice denied." *Id.* at 13.

Appellee counters that the Orphans' Court's order was "not a permanent denial of redress, but simply a temporary suspension of all filings in the matter . . . simply done to preserve the assets of the Estate." Brief of Appellee, at 16. Appellee argues that the order does not permanently deprive Beneficiaries of access to the court and, accordingly, no constitutional rights are at issue.

The Pennsylvania Constitution provides that "every man . . . shall have . . . right and justice administered without sale, denial or delay." Pa. Const., Article I, Section 11. The right to have justice administered without delay is a fundamental right which should not be infringed unless no other course is reasonably possible. *Exton Drive-In, Inc. v. Home Indem. Co.*, 261 A.2d 319, 323 (Pa. 1969), citing *Kelly v. Brenner*, 175 A. 845 (Pa. 1934). Here, the court's order has the effect of delaying resolution of numerous matters indefinitely – possibly for a period of seventeen years – while the trustee

and counsel attempt to clear title to and dispose of property in a foreign country. Based upon the accounts given by counsel of their efforts thus far, doing so will be no easy task. By placing the York County case on indefinite hold, the court has essentially placed the case in limbo, subject to the vagaries of the Jamaican judicial system. Under the circumstances present here, the Beneficiaries' right to have their claims adjudicated in a timely manner is too important to be denied review. Accordingly, we find that the second prong of the collateral order doctrine has been satisfied.

The third prong of the collateral order doctrine requires the Beneficiaries to demonstrate that their claim would be irrevocably lost if review were postponed. "To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost." *Graziani v. Randolph*, 856 A.2d 1212, 1225 (Pa. Super. 2004).

Beneficiaries provide scant argument or analysis specific to the third prong in their appellate brief. While it is undeniable that the court's action has the effect of delaying resolution of the open matters in this case, Beneficiaries have failed to demonstrate that their claims will be irreparably lost. In fact, Beneficiaries allege that all of the matters pending before the court are ripe for disposition. If that is the case, then no further action is required by the parties, nor are additional proceedings necessary. Evidence will not be lost and witnesses' fading memories will not have a deleterious

effect on Beneficiaries' ability to present their case. Indeed, the court indicated its willingness to review pending matters and rule on those that it could resolve without causing the trust to incur additional litigation-related expenses. Moreover, at the status hearing, the court volunteered to attempt to expedite resolution of the real estate issue by contacting the Jamaican judiciary to seek guidance, with the parties' permission. While the resolution of Beneficiaries' claims has been delayed, the claims have not been irreparably lost. *Graziani*, *supra*. Accordingly, Beneficiaries have failed to satisfy the third prong of the collateral order doctrine and the appeal must be quashed.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016